IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| LEWIS-BURKE ASSOCIATES LLC,<br>1341 G Street, N.W., Eighth Floor<br>Washington, DC 20005<br><br>        Plaintiff,<br><br>v.<br><br>JOEL WIDDER,<br>9509 Riley Road<br>Silver Spring, Maryland 20910<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:09-cv-00302<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF LEWIS-BURKE ASSOCIATES LLC'S RESPONSES
TO DEFENDANT JOEL WIDDER'S FIRST SET OF INTERROGATORIES AND
<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Federal Rules of Civil Procedure 33 and 34, Lewis-Burke Associates LLC ("Lewis-Burke"), by and through its attorneys, and for its Responses to Joel Widder's ("Widder") First Set of Interrogatories and Request for Production of Documents, states as follows:

## **GENERAL OBJECTIONS**

1.    Lewis-Burke objects to the First Set of Interrogatories and Request for Production of Documents (the "Requests") to the extent that they purport to require Lewis-Burke to respond other than in accordance with the applicable Federal Rules of Civil Procedure.

2.    Lewis-Burke objects to the Requests to the extent that they seek to require Lewis-Burke to identify or produce confidential attorney-client communications or otherwise privileged documents and information. Lewis-Burke further objects to the Requests to the extent that such

Requests seek to require Lewis-Burke to provide information, or to identify or produce any documents or other tangible things prepared or obtained in anticipation of litigation or for trial, where such information, documents or other tangible things disclose mental impressions of counsel or counsel's conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. Within a reasonable time following production, Lewis-Burke will provide a privilege log of any such documents that are responsive to these requests but are subject to withholding on grounds of privilege or work-product doctrine.

3. Lewis-Burke objects to the Requests to the extent that they seek production of any documents or other tangible things, or information that is already in the possession of or known by Widder.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all Lewis-Burke clients that Lewis-Burke claims are subject to the non-compete provisions of Joel Widder's employment contract with Lewis-Burke.

### ANSWER:

Lewis-Burke objects that this request is wildly overbroad and seeks information unlikely to lead to admissible evidence in that it seeks to have Lewis-Burke to disclose its entire client list. The only Lewis-Burke clients' identity that is relevant to this litigation are those clients whom Widder solicited, contrary to the terms of his Non-Competition and Confidentiality Agreement. That information is provided in response to Interrogatory Nos. 5 and 7. Further, Lewis-Burke objects that this Interrogatory seeks information already in Widder's possession.

### INTERROGATORY NO. 2:

Identify all communications and correspondence that Lewis-Burke employees had with anyone concerning Joel Widder's departure from employment with Lewis-Burke.

**ANSWER:**

Lewis-Burke objects to the extent this Interrogatory seeks privileged information or communications or correspondence subject to work product. Lewis-Burke further objects that this Interrogatory has no discernable relevance to the issues in this litigation. Comments by Lewis-Burke employees, if any, about Widder and his employment status have no bearing on the claims by Lewis-Burke that he is liable for breach of contract, statutory provisions, and the common law in relation to his actions before and after his employment with Lewis-Burke. Finally, because this request is so broad, it would be unduly onerous to require each Lewis-Burke employee to attempt to identify each time they uttered (or wrote) a word about Widder's departure to anyone, no matter whom they were speaking with or what the conversation was about.

**INTERROGATORY NO. 3:**

Identify all communications that Lewis-Burke employees had with anyone after Mr. Widder's termination of employment with Lewis-Burke concerning Defendant Widder's non-compete agreement.

**ANSWER:**

Lewis-Burke objects to the extent this Interrogatory seeks privileged information or communications or correspondence subject to work product. This Interrogatory has no discernable relevance to the issues in this litigation. Communications by Lewis-Burke employees, if any, about Widder's non-compete agreement have no bearing on the claims by Lewis-Burke that he is liable for breach of contract, statutory provisions, and the common law in relation to his actions before and after his employment with Lewis-Burke. Finally, because this request is so broad, it would be unduly onerous to require each Lewis-Burke employee to attempt to identify each time they uttered (or wrote) a word about Widder's non-compete agreement, no matter whom they were speaking with or what the conversation was about.

**INTERROGATORY NO. 4:**

Identify all Lewis-Burke employees who had any contacts or communications with any third parties concerning Widder's non-compete or his departure from his employment.

**ANSWER:**

Lewis-Burke objects to the extent this Interrogatory seeks privileged information or communications or correspondence subject to work product. This Interrogatory has no discernable relevance to the issues in this litigation. Contacts that Lewis-Burke employees may have had with third parties, if any, about Widder or his non-compete agreement have no bearing on the claims by Lewis-Burke that he is liable for breach of contract, statutory provisions, and

the common law in relation to his actions before and after his employment with Lewis-Burke. Finally, because this request is so broad, it would be unduly onerous to require each Lewis-Burke employee to attempt to identify each time they uttered (or wrote) a word about Widder's departure or his non-compete agreement to anyone, no matter whom they were speaking with or what the conversation was about.

**INTERROGATORY NO. 5:**

Identify all clients that Lewis-Burke claims Joel Widder solicited in violation of his non-compete.

**ANSWER:**

Discovery is ongoing, and the nature of this request is difficult to answer definitively because Lewis-Burke is not privy to all of Widder's communications with Lewis-Burke clients or former clients, and because the term of Widder's Non-Competition and Confidentiality Agreement does not expire for another year. Subject to and without waiving the forgoing, Lewis-Burke responds that to date, discovery has revealed that Widder has solicited: all of Lewis-Burke's clients and other entities subject to the restrictions in the Non-Competition and Confidentiality Agreement by sending a solicitation email to each of them touting the capabilities of his new lobbying firm. In addition, Lewis-Burke maintains that Widder has impermissibly solicited: Public Broadcasting Service; Sea Grant Association; Partnership for Interdisciplinary Studies of Coastal Oceans; National Association of Marine Laboratories; and University Corporation for Atmospheric Research.

**INTERROGATORY NO. 6:**

Identify and describe the damages suffered by Lewis-Burke as a result of Widder's alleged violation of his non-compete agreement.

**ANSWER:**

Subject to the caveat that damages may be amended as additional information becomes available about Widder's conduct, Lewis-Burke responds as follows. The damages suffered by Lewis-Burke as a result of Widder's wrongful taking and use of Lewis-Burke's work product, Widder's disparagement of Lewis-Burke, Widder's solicitation of Lewis-Burke Clients (as defined in the Non-Competition and Confidentiality Agreement), and Widder's assistance in the solicitation of Lewis-Burke Clients by Oldaker, Belair & Wittie LLP and affiliated firms (collectively, "OBW"), include: diminishment of the value of Lewis-Burke's work product, market positioning, and brand uniqueness; the loss of Lewis-Burke Clients subject to the Non-Competition and Confidentiality Agreement; and the costs associated with the forensic computer analyses required as a result of Widder's actions.

DC1 30262347.1

## INTERROGATORY NO. 7:

Identify any business that Lewis-Burke claims Widder diverted from Lewis-Burke in violation of his non-compete agreement.

## ANSWER:

To date, Widder has impermissibly diverted business from the Public Broadcasting Service and Sea Grant Association to OBW, and may have diverted business from the Partnership for Interdisciplinary Studies of Coastal Oceans, and Friends of NOAA. This response is subject to change as additional information becomes available.

## INTERROGATORY NO. 8:

Identify with specificity the confidential and proprietary information that Lewis-Burke claims Widder used to solicit Lewis-Burke clients.

## ANSWER:

Widder was in possession of significant amounts of work product over which Lewis-Burke has proprietary and ownership interests, including strategies, strategic plans, client or potential client contacts, marketing and business models that were both within Widder's knowledge and in his possession as documents. At least some of those documents are listed in Exhibit 2 of Lewis-Burke's motion for an injunction against Widder. It is all of this confidential and proprietary information that Widder has impermissibly used in soliciting the entities identified in Interrogatory Nos. 5 and 7.

## INTERROGATORY NO. 9:

Identify all Lewis-Burke clients for whom Joel Widder worked at Lewis-Burke who ceased doing business with Lewis-Burke since Mr. Widder's departure.

## ANSWER:

To date, Widder has successfully diverted Public Broadcasting Service and Sea Grant Association work from Lewis-Burke to OBW. In addition, on information and belief, Lewis-Burke has not obtained work from the Partnership for Interdisciplinary Studies of Coastal Oceans, Friends of NOAA, and the National Ecological Observatory Network as a result of Widder's improper conduct.

## DOCUMENTS REQUESTED

The above-stated General Objections are incorporated by reference in each and every response to the Requests.

**DOCUMENT REQUEST 1:**

All documents identified by you in response to each and every interrogatory set forth above.

**RESPONSE:**

No documents are identified in response to the interrogatories.

**DOCUMENT REQUEST 2:**

All documents or data compilations that are in your possession, custody or control that you may use to support your claims against Defendant Joel Widder.

**RESPONSE:**

To the extent this request seeks privileged information or communications or correspondence subject to work product, Lewis-Burke objects. Subject to and without waiving the foregoing, Lewis-Burke responds that it will produce to Widder documents that may be used in support of Lewis-Burke's claims that are not already in the possession of Widder or his employer, OBW, such as the documents already produced by them in this litigation.

Dated: September 29, 2009

Respectfully submitted,

/s/ Rebecca Woods
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
Rebecca Woods (DC Bar #468495)
rwoods@seyfarth.com
Reenah L. Kim (DC Bar #478611)
rkim@seyfarth.com
Telephone: 202-463-2400
Facsimile: 202-828-5393

*Counsel for Plaintiff*
*LEWIS-BURKE ASSOCIATES LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing RESPONSES TO DEFENDANT JOEL WIDDER'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS was served via electronic mail and First Class Mail this 29th day of September, 2009, upon:

James E. Anderson
janderson@haspc.com
HOWE, ANDERSON & STEYER, P.C.
1250 Eye Street, N.W., Suite 650
Washington, D.C. 20005
Telephone: (202) 296-5680

/s/   Rebecca Woods

7

DC1 30262347.1